```
                    FILED
            CLERK, U.S. DISTRICT COURT
                  12/19/2023
            CENTRAL DISTRICT OF CALIFORNIA
            BY:_____TV_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>           v.<br><br>DAVID LISANDRO PEREZ FIGUEROA,<br>     aka "David Figueroa,"<br><br>             Defendant. | CR No. 2:23-cr-00635-JFW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2251(a), (e): Production of Child Pornography; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. § 2253, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

Beginning on a date unknown, and continuing to on or about December 5, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID LISANDRO PEREZ FIGUEROA, also known as "David Figueroa," knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who was then approximately two years old, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing

and having reason to know that such visual depiction would be mailed and transported and transmitted using any means and facility of interstate commerce, and in and affecting interstate and foreign commerce, and which visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and which visual depiction was actually transported and transmitted in and affecting interstate commerce.

COUNT TWO

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about July 22, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID LISANDRO PEREZ FIGUEROA, also known as "David Figueroa," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, namely, the internet, and that had been mailed, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos were child pornography.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to the iPhone belonging to FIGUEROA that was seized by law enforcement on December 5, 2023.

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as

4

1  incorporated by Title 18 Section 2253(b) and Title 28, United States
2  Code, Section 2461(c), the defendant, if so convicted, shall forfeit
3  substitute property, up to the total value of the property described
4  in the preceding paragraph if, as the result of any act or omission
5  of the defendant, the property described in the preceding paragraph,
6  or any portion thereof: (a) cannot be located upon the exercise of
7  due diligence; (b) has been transferred, sold to or deposited with a
8  third party; (c) has been placed beyond the jurisdiction of the
9  court; (d) has been substantially diminished in value; or (e) has
10 been commingled with other property that cannot be divided without
11 difficulty.

                                            A TRUE BILL

                                            /s/
                                      _____
                                            Foreperson

E. MARTIN ESTRADA
United States Attorney

*[signature]*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent & Organized Crime Section

AMY E. POMERANTZ
Assistant United States Attorney
Violent & Organized Crime Section