E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
AMY POMERANTZ (Cal. Bar No. 275691)
Assistant United States Attorney
Violent & Organized Crime Section
  1300 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-0302/0730
  Facsimile: (213) 894-3713
  E-mail: damaris.diaz@usdoj.gov
      amy.pomerantz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-635-JFW |
|---|---|
|    Plaintiff, | PLEA AGREEMENT FOR DEFENDANT DAVID LISANDRO PEREZ FIGUEROA |
|      v. | |
| DAVID LISANDRO PEREZ FIGUEROA, | |
|    Defendant. | |

  1. This constitutes the plea agreement between DAVID LISANDRO PEREZ FIGUEROA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

  2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts 1 and 2 of

the indictment in <u>United States v. DAVID LISANDRO PEREZ FIGUEROA</u>, CR No. 23-635-JFW, which charge defendant with Production and Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), (e) and 2252A(a)(2)(A), respectively.

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained in this agreement.

        d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

        h.   Make restitution at or before the time of sentencing by delivering a certified check or money order to the Fiscal Clerk of the Court to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution and/or fine balance.

        i.   Authorize the USAO to obtain a credit report immediately upon defendant's entry of a guilty plea.

        j.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

1    k.    Complete the Financial Disclosure Statement on a form
2  provided by the USAO and, within 30 days of defendant's entry of a
3  guilty plea, deliver the signed and dated statement, along with all
4  of the documents requested therein, to the USAO by either email at
5  usacac.FinLit@usdoj.gov or mail to the USAO Financial Litigation
6  Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

7    l.    Agree to and not oppose the imposition of a lifetime
8  period of supervise release under the following conditions of
9  supervised release:

10    i.    Defendant shall register as a sex offender, and
11  keep the registration current, in each jurisdiction where he resides,
12  where he is an employee, and where he is a student, to the extent the
13  registration procedures have been established in each jurisdiction.
14  When registering for the first time, defendant shall also register in
15  the jurisdiction in which the conviction occurred if different from
16  his jurisdiction of residence.  Defendant shall provide proof of
17  registration to the Probation Officer within three days of placement
18  on probation/release from imprisonment.

19    ii.    Defendant shall participate in a psychological
20  counseling and/or psychiatric treatment and/or a sex offender
21  treatment program, which may include inpatient treatment, upon order
22  of the Court, as approved and directed by the Probation Officer.
23  Defendant shall abide by all rules, requirements, and conditions of
24  such program, including submission to risk assessment evaluations and
25  physiological testing, such as polygraph and Abel testing.  The
26  Probation Officer shall disclose the presentence report and/or any
27  previous mental health evaluations or reports to the treatment
28  provider.

iii. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv. Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography, as defined at 18 U.S.C. § 2256(8), or sexually explicit conduct, as defined at 18 U.S.C. § 2256(2). This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him/her from possessing materials prepared and used for the purposes of his/her Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of his/her possession of the materials in advance.

v. Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notify said parent or legal guardian of his/her conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom defendant must interact with in order to obtain ordinary and usual commercial services.

vi. Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds,

youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes him/her to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior written approval of the Probation Officer.

x.   Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xi.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

1    xii. Defendant shall possess and use only those
2  computers and computer-related devices, screen user names, passwords,
3  email accounts, and internet service providers (ISPs) that have been
4  disclosed to the Probation Officer upon commencement of supervision.
5  Any changes or additions are to be disclosed to the Probation Officer
6  prior to the first use.  Computers and computer-related devices
7  include personal computers, personal data assistants (PDAs), internet
8  appliances, electronic games, cellular telephones, and digital
9  storage media, as well as their peripheral equipment, that can
10 access, or can be modified to access, the internet, electronic
11 bulletin boards, and other computers (collectively, "Digital
12 Devices").
13    xiii.    All Digital Devices used by defendant shall
14 be subject to search and seizure.  This shall not apply to items used
15 at the employment's site, which are maintained and monitored by the
16 employer.
17    xiv. Defendant shall possess and use only those
18 Internet Accounts that have been disclosed to, and approved by, the
19 United States Probation and Pretrial Services Office upon
20 commencement of supervision.  Any changes or additions to Internet
21 Accounts are to be disclosed to, and approved by, the Probation
22 Officer prior to the first use of same.  Disclosure shall include
23 both user names and passwords for all Digital Devices and Internet
24 Accounts.  Internet Accounts include, but are not limited to, email
25 accounts, social media accounts, electronic bulletin boards, or other
26 account on the Internet.
27    xv.  After the Probation Officer has given defendant
28 approval to use a particular Digital Device or Internet Account,

1   defendant need not notify the Probation Officer about subsequent use

2   of that particular Digital Device or Internet Account.  Defendant

3   shall, however, notify his Probation Officer of any additions to,

4   removals from, or other modifications of the hardware or software on

5   any Digital Device or Internet Account that defendant causes to

6   occur, within one week of that addition, removal or modification.

7   The defendant shall not hide or encrypt files or data without

8   specific prior approval from the Probation Officer.

9           xvi. Defendant shall provide the Probation Officer

10  with all billing records for any service or good relating to any

11  Digital Device or Internet Account, including those for cellular

12  telephone, cable, Internet and satellite services, as requested by

13  the Probation Officer, so that the Probation Officer can verify

14  compliance with these requirements.

15          xvii.    Defendant shall comply with the rules and

16  regulations of the Computer Monitoring Program.  Defendant shall pay

17  the cost of the Computer Monitoring Program, in an amount not exceed

18  $32 per month per device connected to the internet.

19          xviii.    Defendant shall not possess, or attempt to

20  possess, any materials, whether in hard copy, digital, electronic, or

21  any other form, that depict sexually explicit and/or nude images of

22  children, including any victims of defendant's conduct (the

23  "Victims") and/or that contain personal identifying information,

24  including any access devices and bank/credit card account numbers, of

25  the Victims.

26          xix. Defendant shall not knowingly contact, or attempt

27  to contact, the Victims, or their families, including but not limited

28  to their parents, siblings, other relatives, any spouse or

1  significant other with whom victims may share an intimate

2  relationship, and any children of the Victims (all whether existing

3  now or during the pendency of any term of supervised release, and

4  collectively "the Victims' Families"), directly or indirectly by any

5  means, including but not limited to in person, by mail, telephone,

6  email, text message, or other electronic means, or through a third

7  party;

8  xx.  Defendant shall not attempt to locate the Victims

9  or the Victims' Families, or attempt to obtain information concerning

10  the whereabouts, phone numbers, email addresses, or other personal

11  identifiers of the Victims or the Victims' Families;

12  xxi. Defendant shall submit his person, and any

13  property, house, residence, vehicle, papers, Digital Devices,

14  Internet Accounts, and effects to search at any time, with or without

15  warrant, by any law enforcement or Probation Officer with reasonable

16  suspicion concerning a violation of a condition of

17  probation/supervised release or unlawful conduct by defendant, and by

18  any Probation Officer in the lawful discharge of the officer's

19  supervision function.

20  m.  Defendant further agrees:

21  i.  To forfeit all right, title, and interest in and

22  to any and all monies, properties, and/or assets of any kind, derived

23  from or acquired as a result of, or used to facilitate the commission

24  of, or involved in the illegal activity to which defendant is

25  pleading guilty, including but not limited to the following items

26  seized by law enforcement on December 4, 2023: a Apple iPhone 8 Plus

27  64gb of storage. Serial number: FD4VJ25YJCLN. IMEI:356713086726807

28  (the "Forfeitable Assets").

8

        ii.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

        iii. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

        iv.  Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

        v.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

        vi.  Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

        vii. To prevent the transfer, sale, destruction, or loss of the Forfeitable Assets to the extent defendant has the ability to do so.

        viii.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

1              ix.  That forfeiture of Forfeitable Assets shall not

2 be counted toward satisfaction of any special assessment, fine,

3 restitution, costs, or other penalty the Court may impose.

4              x.  With respect to any criminal forfeiture ordered

5 as a result of this plea agreement, defendant waives: (1) the

6 requirements of Federal Rules of Criminal Procedure 32.2 and 43(a)

7 regarding notice of the forfeiture in the charging instrument,

8 announcements of the forfeiture sentencing, and incorporation of the

9 forfeiture in the judgment; (2) all constitutional and statutory

10 challenges to the forfeiture (including by direct appeal, habeas

11 corpus or any other means); and (3) all constitutional, legal, and

12 equitable defenses to the forfeiture of the Forfeitable Assets in any

13 proceeding on any grounds including, without limitation, that the

14 forfeiture constitutes an excessive fine or punishment.  Defendant

15 acknowledges that the forfeiture of the Forfeitable Assets is part of

16 the sentence that may be imposed in this case and waives any failure

17 by the Court to advise defendant of this, pursuant to Federal Rule of

18 Criminal Procedure 11(b)(1)(J), at the time the Court accepts

19 defendant's guilty plea.

THE USAO'S OBLIGATIONS

21    3.   The USAO agrees to:

22        a.   Not contest facts agreed to in this agreement.

23        b.   Abide by all agreements regarding sentencing contained

24 in this agreement.

25        c.   At the time of sentencing, provided that defendant

26 demonstrates an acceptance of responsibility for the offenses up to

27 and including the time of sentencing, recommend a two-level reduction

28 in the applicable Sentencing Guidelines offense level, pursuant to

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2  additional one-level reduction if available under that section.

3  <u>NATURE OF THE OFFENSES</u>

4      4.   Defendant understands that for defendant to be guilty of

5  the crime charged in count 1, that is, Production of Child

6  Pornography, in violation of Title 18, United States Code, Sections

7  2251(a), (e), the following must be true: (1) At the time of the

8  offense, the victim was under the age of 18 years; (2) Defendant

9  employed, used, persuaded, induced, enticed, or coerced the victim to

10  take part in sexually explicit conduct  for the purpose of producing

11  a visual depiction of such conduct; and (3) The visual depiction was

12  produced using materials that had been mailed, shipped, or

13  transported across state lines or in foreign commerce OR the visual

14  depiction was mailed or actually transported across state lines or in

15  foreign commerce OR the visual depiction affected interstate

16  commerce.

17      5.   Defendant understands that for defendant to be guilty of

18  the crime charged in count 2, that is, Distribution of Child

19  Pornography, in violation of Title 18, United States Code, Section

20  2452A(a)(2)(A), the following must be true: (1) Defendant knowingly

21  distributed matters which the defendant knew contained visual

22  depictions of minors engaged in sexually explicit conduct; (2)

23  Defendant knew each visual depiction contained in the matters showed

24  minors engaged in sexually explicit conduct; (3) Defendant knew that

25  production of such visual depictions involved use of a minor in

26  sexually explicit conduct; and (4) Each visual depiction had been

27  mailed, or shipped/transported, using any means or facility of

28

interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means, including by computer.

PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2251(a), (e), is: 30 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory minimum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2251(a), (e), is: 15 years imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory minimum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), is: 5 years imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

10.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 50 years' imprisonment; a lifetime period of supervised release; a

12

1  fine of $500,000 or twice the gross gain or gross loss resulting from

2  the offenses, whichever is greatest; and a mandatory special

3  assessment of $200.

4      11.  Defendant understands that, pursuant to the Justice for

5  Victims of Trafficking Act of 2015, the Court shall impose an

6  additional $5,000 special assessment if the Court concludes that

7  defendant is a non-indigent person, to be paid after defendant's

8  other financial obligations have been satisfied.

9      12.  Defendant understands that, pursuant to 18 U.S.C. § 2259A,

10 the Court may impose an additional special assessment of up to

11 $50,000.

12     13.  Defendant understands that defendant will be required to

13 pay full restitution to the victims of the offenses to which

14 defendant is pleading guilty.  Defendant agrees that, in return for

15 the USAO's compliance with its obligations under this agreement, the

16 Court may order restitution to persons other than the victim(s) of

17 the offenses to which defendant is pleading guilty and in amounts

18 greater than those alleged in the counts to which defendant is

19 pleading guilty.  In particular, defendant agrees that the Court may

20 order restitution to any victim of any of the following for any

21 losses suffered by that victim as a result: (a) any relevant conduct,

22 as defined in U.S.S.G. § 1B1.3, in connection with the offenses to

23 which defendant is pleading guilty; and (b) any counts dismissed and

24 charges not prosecuted pursuant to this agreement as well as all

25 relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with

26 those counts and charges.  The parties currently believe that the

27 applicable amount of restitution is approximately $25,000, but

28

13

recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

14. Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

15. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

16. Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

17.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

18.  Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<u>FACTUAL BASIS</u>

19.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty

15

1  to the charges described in this agreement and to establish the

2  Sentencing Guidelines factors set forth in paragraph 21 below but is

3  not meant to be a complete recitation of all facts relevant to the

4  underlying criminal conduct or all facts known to either party that

5  relate to that conduct.

6      Beginning at least on or before July 22, 2023, defendant

7  sexually exploited Minor Victim 1, a then-2-year-old boy ("Minor

8  Victim 1") for the purpose of producing sexually explicit visual

9  depictions.  Defendant produced the following videos which constitute

10  Child Sexual Abuse Material ("CSAM") meeting the federal definition

11  of child pornography:

12      a.   Video 1: a 28-second video during which defendant rubs

13  his penis against Minor Victim 1's anus and ejaculates on Minor

14  Victim 1's buttocks.

15      b.   Video 2: a 13-second video during which Minor Victim

16  1's genitals are exposed while defendant rubs his own penis and taps

17  it against Minor Victim 1's leg.

18      c.   Video 3: a 3-second video during which defendant

19  digitally penetrates Minor Victim 1's anus with his fingers, while

20  Minor Victim 1 cries and tries to escape.

21      Following the production of the CSAM depicting Minor Victim 1,

22  on July 22, 2023, defendant distributed the CSAM videos depicting

23  Minor Victim 1 to another individual based in the United Kingdom via

24  the social media platform X (formerly known as Twitter).  In his

25  communications via X, defendant stated that the victim was his

26  relative whom he babysits once per week, and stated that he had

27  previously sexually penetrated Minor Victim 1's anus.

28  ///

**ADDITIONAL RELEVENT CONDUCT – POSSESSION OF CHILD PORNOGRAPHY**

On or about December 4, 2023, defendant possessed approximately 472 images and 140 videos of child pornography on his Apple iPhone.

**ALL ACTS**

Defendant admits that each of the images and videos described above is child pornography as defined by Title 18, United States Code, Section 2256(8)(A).

With respect to each of the images and videos described above, defendant admits that he produced, distributed, received and/or stored them on digital devices that had been mailed, shipped, or transported across state lines or in foreign commerce.

With respect to each of the images/videos possessed, defendant admits that he knew that they involved minors at the time that he obtained them.

Defendant admits that all of the communications and distribution of child pornography described above took place over an electronic communication system or other facility of interstate or foreign commerce.

Defendant admits that all of his conduct described above occurred in Los Angeles County, which is located in the Central District of California.

SENTENCING FACTORS

20. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have

1  any expectation of receiving a sentence within the calculated

2  Sentencing Guidelines range, and that after considering the

3  Sentencing Guidelines and the other § 3553(a) factors, the Court will

4  be free to exercise its discretion to impose any sentence it finds

5  appropriate between the mandatory minimum and the maximum set by

6  statute for the crimes of conviction.

7       21.  Defendant and the USAO agree to the following applicable

8  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) |
| Minor < 12 Years Old | +4 | U.S.S.G. § 2G2.1(b)(1)(A) |
| Commission of Sexual Act | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Knowing Distribution | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Infant/Toddler | +4 | U.S.S.G. § 2G2.1(b)(4)(B) |
| Relative | +2 | U.S.S.G. § 2G2.1(b)(5) |
| Distribution for Valuable Consideration | +5 | U.S.S.G. § 2G2.2(b)(3)(B) |
| Pattern of Activity | +5 | U.S.S.G. § 2G2.2(b)(5) |
| Use of Computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| 600+ Images | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |

Defendant and the USAO reserve the right to argue that additional

specific offense characteristics, adjustments, and departures under

the Sentencing Guidelines are appropriate.  **Defendant has discussed**

**with his attorney the potential specific offense characteristics,**

**adjustments, and departures which may be applicable to his case, and**

**agrees that the United States Probation Office may recommend specific**

**offense characteristics, adjustments, and departures in addition to**

**those agreed to in this plea agreement, which will not be a basis for**

**defendant to withdraw from this plea agreement.**

22.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

23.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

24.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

1        h.    Any and all rights to pursue any affirmative defenses,

2   Fourth Amendment or Fifth Amendment claims, and other pretrial

3   motions that have been filed or could be filed.

4                    WAIVER OF RETURN OF DIGITAL DATA

5        25.   Understanding that the government has in its possession

6   digital devices and/or digital media seized from defendant, defendant

7   waives any right to the return of digital data contained on those

8   digital devices and/or digital media and agrees that if any of these

9   digital devices and/or digital media are returned to defendant, the

10  government may delete all digital data from those digital devices

11  and/or digital media before they are returned to defendant.

12                    WAIVER OF APPEAL OF CONVICTION

13       26.   Defendant understands that, with the exception of an appeal

14  based on a claim that defendant's guilty pleas were involuntary, by

15  pleading guilty defendant is waiving and giving up any right to

16  appeal defendant's convictions on the offenses to which defendant is

17  pleading guilty.  Defendant understands that this waiver includes,

18  but is not limited to, arguments that the statutes to which defendant

19  is pleading guilty are unconstitutional, and any and all claims that

20  the statement of facts provided herein is insufficient to support

21  defendant's pleas of guilty.

22              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23       27.   Defendant agrees that, provided the Court imposes a total

24  term of imprisonment on all counts of conviction of no more than 50

25  years, defendant gives up the right to appeal all of the following:

26  (a) the procedures and calculations used to determine and impose any

27  portion of the sentence; (b) the term of imprisonment imposed by the

28  Court; (c) the fine imposed by the Court, provided it is within the

statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $100,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

28.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 30 years, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $25,000.

<u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

29.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the amount and terms

of any restitution order, provided it requires payment of no more than $250,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

30.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

31.   This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

32.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a

22

claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

33.  Defendant agrees that if any count of conviction is
vacated, reversed, or set aside, or any enhancement imposed by the
Court to which the parties stipulated in this agreement is vacated or
set aside, the USAO may: (a) ask the Court to resentence defendant on
any remaining counts of conviction, with both the USAO and defendant
being released from any stipulations regarding sentencing contained
in this agreement, (b) ask the Court to void the entire plea
agreement and vacate defendant's guilty pleas on any remaining counts
of conviction, with both the USAO and defendant being released from
all their obligations under this agreement, or (c) leave defendant's
remaining convictions, sentence, and plea agreement intact.
Defendant agrees that the choice among these three options rests in
the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

34.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

35.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

36.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

24

1  speedy trial claim with respect to any such action, except to the
2  extent that such defenses existed as of the date of defendant's
3  signing this agreement.

4          c.    Defendant agrees that: (i) any statements made by
5  defendant, under oath, at the guilty plea hearing (if such a hearing
6  occurred prior to the breach); (ii) the agreed to factual basis
7  statement in this agreement; and (iii) any evidence derived from such
8  statements, shall be admissible against defendant in any such action
9  against defendant, and defendant waives and gives up any claim under
10 the United States Constitution, any statute, Rule 410 of the Federal
11 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
12 Procedure, or any other federal rule, that the statements or any
13 evidence derived from the statements should be suppressed or are
14 inadmissible.

15              COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
16                             OFFICE NOT PARTIES

17      37.   Defendant understands that the Court and the United States
18 Probation and Pretrial Services Office are not parties to this
19 agreement and need not accept any of the USAO's sentencing
20 recommendations or the parties' agreements to facts or sentencing
21 factors.

22      38.   Defendant understands that both defendant and the USAO are
23 free to: (a) supplement the facts by supplying relevant information
24 to the United States Probation and Pretrial Services Office and the
25 Court, (b) correct any and all factual misstatements relating to the
26 Court's Sentencing Guidelines calculations and determination of
27 sentence, and (c) argue on appeal and collateral review that the
28 Court's Sentencing Guidelines calculations and the sentence it

1   chooses to impose are not error, although each party agrees to
2   maintain its view that the calculations in paragraph 21 are
3   consistent with the facts of this case.  While this paragraph permits
4   both the USAO and defendant to submit full and complete factual
5   information to the United States Probation and Pretrial Services
6   Office and the Court, even if that factual information may be viewed
7   as inconsistent with the facts agreed to in this agreement, this
8   paragraph does not affect defendant's and the USAO's obligations not
9   to contest the facts agreed to in this agreement.

10      39.  Defendant understands that even if the Court ignores any
11  sentencing recommendation, finds facts or reaches conclusions
12  different from those agreed to, and/or imposes any sentence up to the
13  maximum established by statute, defendant cannot, for that reason,
14  withdraw defendant's guilty pleas, and defendant will remain bound to
15  fulfill all defendant's obligations under this agreement.  Defendant
16  understands that no one -- not the prosecutor, defendant's attorney,
17  or the Court -- can make a binding prediction or promise regarding
18  the sentence defendant will receive, except that it will be between
19  the statutory mandatory minimum and the statutory maximum.

20                          NO ADDITIONAL AGREEMENTS

21      40.  Defendant understands that, except as set forth herein,
22  there are no promises, understandings, or agreements between the USAO
23  and defendant or defendant's attorney, and that no additional
24  promise, understanding, or agreement may be entered into unless in a
25  writing signed by all parties or on the record in court.

26

27

28

                                  26

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

41.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Damaris Diaz*                                    7/30/24
_____          _____
DAMARIS DIAZ                                     Date
AMY POMERANTZ
Assistant United States Attorney

David Perez                                      7-29-2024
_____          _____
DAVID LISANDRO PEREZ FIGUEROA                    Date
Defendant

/s/Mario Tafur                                   7-29-2024
_____          _____
MARIO P. TAFUR                                   Date
Attorney for Defendant
DAVID LISANDRO PEREZ FIGUEROA

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

27

1   representations of any kind have been made to me other than those

2   contained in this agreement.  No one has threatened or forced me in

3   any way to enter into this agreement.  I am satisfied with the

4   representation of my attorney in this matter, and I am pleading

5   guilty because I am guilty of the charges and wish to take advantage

6   of the promises set forth in this agreement, and not for any other

7   reason.

8   *David Perez*                          *7-29-2024*

9   DAVID LISANDRO PEREZ FIGUEROA          Date
    Defendant

10

11              CERTIFICATION OF DEFENDANT'S ATTORNEY

12      I am DAVID LISANDRO PEREZ FIGUEROA's attorney.  I have carefully

13  and thoroughly discussed every part of this agreement with my client.

14  Further, I have fully advised my client of his rights, of possible

15  pretrial motions that might be filed, of possible defenses that might

16  be asserted either prior to or at trial, of the sentencing factors

17  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

18  provisions, and of the consequences of entering into this agreement.

19  To my knowledge: no promises, inducements, or representations of any

20  kind have been made to my client other than those contained in this

21  agreement; no one has threatened or forced my client in any way to

22  enter into this agreement; my client's decision to enter into this

23  agreement is an informed and voluntary one; and the factual basis set

24  forth in this agreement is sufficient to support my client's entry of

25  guilty pleas pursuant to this agreement.

26      */s/Mario Tafur*                        *7-29-2024*

27  MARIO P. TAFUR                          Date
    Attorney for Defendant

28  DAVID LISANDRO PEREZ FIGUEROA

                          28